381 So.2d 867 (1980)
NATIONAL BUILDING AND CONTRACTING COMPANY, INC.
v.
LAFOURCHE PARISH POLICE JURY.
No. 13036.
Court of Appeal of Louisiana, First Circuit.
January 21, 1980.
Rehearing Denied March 31, 1980.
*868 Edward James Gaidry, Houma, for plaintiff and appellee.
Jerome J. Barbera, III, Thibodaux, for defendant and appellant.
Before COVINGTON, LOTTINGER and COLE, JJ.
COLE, Judge.
This is an appeal by the Lafourche Parish Police Jury from the district court's confirmation of an arbitration award in favor of National Building and Contracting Co., Inc. (National). National answered the appeal asking for damages for frivolous appeal.
The Police Jury contracted with National for the construction of a detention center. After construction was completed, National instituted arbitration proceeding demanding a sum in excess of the contract price to cover additional costs which it attributed to the Police Jury's failure to supply utilities to the job site. The arbitrators awarded National $50,000 plus reimbursement of the $1,700 it had advanced for administrative fees and expenses and the arbitrators' compensation. The Police Jury was also ordered to pay the American Arbitration Association $387.27 for additional expenses.
The Police Jury argues the arbitrators' award should be vacated on the grounds stated in La.R.S. 9:4210(D):
In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
. . . . .
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
An arbitration award may be challenged only on grounds specified by statute. A court cannot substitute its conclusion for that of the arbitrators. Firmin v. Garber, 353 So.2d 975 (La.1977); Matter of Bacmonila Garden Apartment, Inc., 359 So.2d 1340 (La.App. 4th Cir. 1978).
We affirm the holding of the district court, finding as did the district court, that the Police Jury failed to carry its burden of proving the arbitrators exceeded their powers or imperfectly executed them. The arbitrators obviously addressed the questions of procedural arbitrability presented by the Police Jury. These questions related to the contentions that National waived its right to arbitrate by accepting final payment under the contract, and the demand to arbitrate was premature because National did not first present its claim to the architect. These questions were properly within the scope of the arbitrators' powers. Bartley, Inc. v. Jefferson Parish School Board, 302 So.2d 280 (La.1974). Nor can we say the answers adverse to the Police Jury constitute an imperfect execution of those powers.
The pertinent contractual provisions and the evidence relevant thereto satisfy us that there was a sufficient basis, both procedurally and substantively, for "a mutual, final, and definite award upon the subject matter submitted." We cannot review the merits of the arbitrators' decision. Firmin, supra.
Damages for frivolous appeal are denied.
For the above reasons, the judgment appealed is affirmed. Costs are to be borne by appellant.
AFFIRMED.