392 So.2d 505 (1980)
WILLIS-KNIGHTON MEDICAL CENTER, Plaintiff-Appellant,
v.
SOUTHERN BUILDERS, INCORPORATED, Defendant-Appellee.
No. 14488.
Court of Appeal of Louisiana, Second Circuit.
November 24, 1980.
*506 Giddens, McKenzie & Garrett by J. David Garrett, Shreveport, for plaintiff-appellant.
Charles E. Tooke, Jr., Shreveport, for defendant-appellee.
Before PRICE, MARVIN, and JASPER E. JONES, JJ.
PRICE, Judge.
Plaintiff, Willis-Knighton Medical Center, appeals an interlocutory judgment rejecting its application for a preliminary injunction enjoining defendant, Southern Builders, Inc., from proceeding with arbitration proceedings filed with the American Arbitration Association. For the reasons assigned the judgment of the lower court is affirmed.
On October 16, 1972, plaintiff entered into a building contract with defendant. Under the terms of the contract, defendant as general contractor was to construct a medical office building for plaintiff. The contract was substantially completed on December 30, 1974, and the final payment was tendered by plaintiff and accepted by defendant on March 31, 1975. Sometime after final payment was made defects appeared in the exterior finish of the building. After consulting the architect, plaintiff called upon defendant to remedy the defects. Defendant ultimately repaired the building while at the same time reserving its rights against the subcontractors, architect, and material supplier.
Asserting its position that it was not responsible for the defective work, defendant filed a demand for arbitration on August 18, 1980, with the American Arbitration Association, seeking recovery of $26,938.00 it expended in remedying the defective work. Defendant named the plaintiff, the architect, the supplier of the exterior finish, and two subcontractors as respondents to the proceeding. Plaintiff responded by notifying the American Arbitration Association (AAA) that it would refuse to arbitrate defendant's demand. Plaintiff contends that defendant waived any rights it may have had to arbitration by accepting final payment. The AAA declined to halt the arbitration proceedings and notified plaintiff informing it that it was to select an arbitrator and make appropriate response to defendant's demand by September 1, 1980. On August 27, 1980, plaintiff petitioned the lower court for injunctive relief to prevent defendant from proceeding with the arbitration proceedings. The court issued a temporary restraining order and rule to show cause why a preliminary injunction should not issue. After exceptions were overruled and trial of the rule, the district court rendered judgment without written reasons recalling the restraining order and denying plaintiff's rule for a preliminary injunction.
Plaintiff appeals specifying as error the trial court's holding that the provisions of the building contract authorizing arbitration had not been terminated by acceptance of final payment by defendant. Plaintiff further contends that the trial court erred in failing to hold, in the alternative, that *507 defendant had waived his right to arbitration by failing to demand arbitration at the time plaintiff made known his claim for defective work.
Applicable to the resolution of this case is the Louisiana Arbitration Law, La.R.S. 9:4201 et seq. This law reflects a legislative policy favoring arbitration as a tool for speedy resolution of contract disputes and states in pertinent part that agreements to arbitrate found in valid contracts shall be irrevocable.[1] Whenever a party to a contract calling for arbitration is aggrieved by the failure of the other party to comply with the arbitration provisions, the courts are authorized to assist by ordering arbitration.[2] The court's function in interpreting arbitration disputes such as the present one is limited. "The only grounds for judicial inquiry under § 4201 are those `as exist at law or equity for the revocation of any contract.'" Standard Company of New Orleans, Inc. v. Elliott Construction Company, Inc., 363 So.2d 671 (La.1978).
Although this suit seeks to enjoin arbitration rather than compel it, the court's inquiry under § 4203 is the same. The Louisiana Supreme Court has described this inquiry in the following manner:
Under La.R.S. 9:4203 (1950) a court, at the request of an aggrieved party, shall order the parties to proceed to arbitration in accordance with the terms of the arbitration agreement, after it is found (a) that an arbitration agreement was made, and (b) that the opponent failed or refused to comply with it. The latter (a and b) are the only triable issues in a suit to enforce an arbitration agreement such as the present. Bartley, Inc. v. Jefferson Parish School Board, 302 So.2d 280 (La. 1974).
Applying these rules to the present case we find that plaintiff and defendant did make an agreement to arbitrate disputes arising out of their contract. The contract contains a general clause in Article 7, § 10.1[3] providing for arbitration of "[a]ll claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof."
Defendant's claim for arbitration seeks to recover money expended in correcting work which was not in compliance with contract specifications. Plaintiff seeks to enjoin the proceedings by contending the contract does not require it to arbitrate. This is certainly a dispute arising out of the contract. Having concluded that the parties agreed to *508 arbitrate such disputes, and that plaintiff is refusing to do so, we hold the district court was correct in its judgment denying the preliminary injunction. See Bartley, Inc., supra.
We do not in this opinion address plaintiff's contentions that defendant waived its right to arbitration. Such issues of procedural arbitrability should not be decided by the courts without first having been submitted to the arbitrator. Bartley, Inc., supra; National Building & Contracting Co., Inc. v. Lafourche Parish Police Jury, 381 So.2d 867 (La. App. 1st Cir. 1980); writ denied, 385 So.2d 268 (La.1980).
For the reasons assigned the judgment appealed is affirmed at appellant's cost.
NOTES
[1] R.S. 9:4201 provides:

"A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."
[2] R.S. 9:4203 provides in part:

"The party aggrieved by the alleged failure or refusal of another to perform under a written agreement for arbitration, may petition any court of record having jurisdiction of the parties, or of the property, for an order directing that the arbitration proceed in the manner provided for in the agreement ...
The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not an issue, the court shall issue an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. If the making of the arbitration agreement or the failure or refusal to perform is an issue, the court shall proceed summarily to the trial thereof."
[3] 7.10.1 All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, except as set forth in Subparagraph 2.2.9 with respect to the Architect's decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraphs 9.7.5 and 9.7.6, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.