433 So.2d 839 (1983)
Raymond Morgan ALLEN, Plaintiff-Appellant,
v.
A & W CONTRACTORS, INC., Defendant-Appellee.
No. 82-800.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1983.
Allen, Gooch & Bourgeois, Clay Morgan Allen and Sera Russell, Lafayette, for plaintiff-appellant.
William F. Gandy, Jr., and Ellen H. Baugh of Broadhurst, Brook, Mangham, Hardy & Reed, Lafayette, for defendant-appellee.
Before GUIDRY, STOKER and LABORDE, JJ.
GUIDRY, Judge.
The plaintiff, Raymond Morgan Allen, appeals the judgment of the district court confirming an arbitrator's award. Allen asserts on appeal that the trial court erred in overruling the motion to vacate the award. The motion to vacate the arbitrator's award was based on the following grounds: (1) the arbitrator exceeded his powers (La.R.S. 9:4210(D)); and, (2) there was evident partiality on the part of the arbitrator. LSA-R.S. 9:4210(B).

FACTS
On September 3, 1980, Raymond Allen entered into a contract with the defendant, A & W Contractors, Inc., wherein A & W agreed to build a second floor addition to a building in Lafayette owned by Allen. The contract consists of two standard forms of the American Institute of Architects entitled "Standard Form of Agreement Between Owner and Contractor" (AIA document A111) and "General Conditions of the Contract for Construction" (AIA document A201). The contract contains the following provisions pertinent to the instant suit:
"The Work to be performed under this Contract shall be commenced within ten (10) days of September 3, 1980, and, subject to authorized adjustments, Substantial Completion shall be achieved not later than January 30, 1981, and for each day the Contractor takes to complete the project beyond the date of completion *840 specified in this Article the Contractor will pay a penalty of $350.00 per day."
. . . . .
"8.1.3 The Date of Substantial Completion of the Work or designated portion thereof is the Date certified by the Architect when construction is sufficiently complete, in accordance with the Contract Documents, so the Owner can occupy or utilize the Work or designated portion thereof for the use for which it is intended."
. . . . .
"When the Architect on the basis of an inspection determines that the Work or designated portion thereof is substantially complete, he will then prepare a Certificate of Substantial Completion which shall establish the Date of Substantial Completion ..."
A Certificate of Substantial Completion was prepared by William E. James, the architect who supervised the project during its latter stages.[1] The certificate established the date of substantial completion as April 23, 1981. The certificate was signed by James, Allen and Aaron Jortner, the president of A & W Contractors, Inc.
The plaintiff, Raymond Allen, filed suit against A & W on June 29, 1981, seeking liquidated damages of $350.00 per day for the period beginning January 30, 1981 and ending April 23, 1981, a total of $28,350.00. The defendant, A & W, filed a dilatory exception of prematurity based on the arbitration provision contained in the contract. A & W filed a demand for arbitration seeking the balance due under the construction contract. Allen responded by stating his claim for liquidated damages in the amount of $23,350.00.[2]
The American Arbitration Association appointed George L. Clauer III as the arbitrator to hear the dispute between the parties. Following a two day arbitration hearing, the arbitrator issued the "Award of the Arbitrator". The arbitrator ordered Allen to pay the balance due under the contract, $28,307.98. The arbitrator fixed the date of substantial completion as March 2, 1981, finding A & W responsible for thirty-one days of delay at the stipulated rate of $350.00 per day, i.e., the sum of $10,850.00. The arbitrator allowed Allen an offset in this amount from the balance due under the contract. Administrative fees and expenses were assessed against Allen.
A & W filed a motion to confirm the award of the arbitrator pursuant to LSA-R.S. 9:4209. Allen filed a motion to vacate the award, alleging the grounds listed in LSA-R.S. 9:4210. Following trial of the matter, at which the entire record of the arbitration proceeding was introduced, the trial court ruled in favor of A & W, confirming the award of the arbitrator.
LSA-R.S. 9:4210 provides in pertinent part:
"In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
. . . . .
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
. . . . .
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
The first issue we address is whether there was evident partiality on the part of the arbitrator. This ground for vacating an arbitrator's award was discussed in Firmin *841 v. Garber, 353 So.2d 975 (La.1977) where the Supreme Court stated:
"Under Subsection B, the evident partiality of the arbitrator is a ground for vacating the award. To constitute evident partiality, it must clearly appear that the arbitrator was biased, prejudiced, or personally interested in the dispute. Giddens v. Board of Education of City of Chicago, 398 Ill. 157, 75 N.E.2d 286 (1947). Examples are a blood relationship with one of the parties or a pecuniary interest in the outcome of the dispute. See St. Paul Insurance Companies v. Lusis, 6 Wash.App. 205, 492 P.2d 575, 56 A.L.R.3d 687 (1971); Rothstein, Alan H., Vacation of Awards for Fraud, Bias, Misconduct and Partiality, 10 Vand.L. Rev. 813, 821; Annot., Setting Aside Arbitration Award on Ground of Interest or Bias of Arbitrators, 56 A.L.R.3d 697. The burden of proof rests upon the party attacking the award. Von Langendorff v. Riordan, 147 Conn. 524, 163 A.2d 100 (1960); 5 Am.Jur.2d, Arbitration and Award, § 186, p. 657."
Allen's claim of evident partiality on the part of the arbitrator is based on a prior professional relationship between the arbitrator, who is an attorney, and the attorney for A & W. The record reflects that A & W's attorney is an associate with the law firm of Broadhurst, Brook, Mangham, Hardy and Reed and that George Clauer III is an associate of Ernest Eldred, a Professional Law Corporation. The Broadhurst firm and the Eldred Professional Law Corporation acted as co-counsel representing the State of Louisiana in a lawsuit against Texaco, Inc. By virtue of their association with their respective employers, Clauer and the attorney for A & W had some contact on a professional level with regard to the suit against Texaco. The evidence regarding this professional contact falls short of showing a disqualifying relationship sufficient to justify vacating the arbitrator's award. Furthermore, the record of the arbitration hearing shows that the arbitrator conducted the entire proceeding in a fair, impartial and professional manner. We find, as did the trial court, that the plaintiff has not met the burden of clearly showing that the arbitrator was biased, prejudiced, or personally interested in the suit. Firmin v. Garber, supra.
The second issue is whether the arbitrator exceeded his powers. LSA-R.S. 9:4210(D). Allen contends that since the contract provides that the date of substantial completion shall be established by the architect, the arbitrator was without authority to fix a different date of substantial completion. In essence, Allen's claim is that the date of substantial completion established by the architect is binding on the parties, and not reviewable by the arbitrator.
We acknowledge, as we must, that the contract under consideration provides for execution by the owner's architect of a certificate of substantial completion which "shall establish the Date of Substantial Completion...". We do not consider this provision to be sacrosanct if the facts show substantial completion at a date earlier than that certified by the owner's architect. In the instant case, the arbitrator concluded, after a two day hearing, that the project was substantially complete on March 2, 1981. We feel that the power to arbitrate the dispute between the parties included the authority to make this determination.
Upon review of arbitration proceedings, a court may not substitute its conclusions for that of the arbitrator. Firmin v. Garber, supra; National Building and Contracting Company, Inc. v. Lafourche Parish Police Jury, 381 So.2d 867 (La.App. 1st Cir. 1980), writ denied, 385 So.2d 268. A reviewing court cannot review the merits of an arbitrator's decision. National Building and Contracting Company, Inc. v. Lafourche Parish Police Jury, supra; Matter of Bacmonila Garden Apartments, Inc., 359 So.2d 1340 (La.App. 4th Cir.1978). In light of these authorities, we conclude that the trial court was correct in refusing to vacate the arbitrator's award on the ground that he exceeded his authority. In the instant case, the date of substantial completion and the amount of resulting liquidated damages were precisely the issues presented to the arbitrator. It was clearly within his power to decide these matters. The trial court *842 was not authorized to question the propriety of the award, for to do so would be to review the merits of the dispute.
We observe that our resolution of this issue is in accord with the weight of common law authority. 5 Am.Jur.2d Arbitration and Award § 167 states in part:
"It is the general rule that, unless restricted by the agreement of submission, arbitrators are the final judges of both law and fact.15 Since mistakes of judgment and mistakes of either fact or law are among the contingencies the parties assume when they submit disputes to arbitrators,16 the award of the arbitrators cannot be set aside for errors of law or fact except where those errors are so gross as to suggest fraud, misconduct, bad faith, a failure to exercise honest judgment,17 or partisan bias,18 or so great as to prevent a full and fair exercise of the judgment of the arbitrators,19 or where, in the case of an error of law, it clearly appears from a statement of the basis of the award that the arbitrators meant to decide the case according to law.20" (footnotes omitted)
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to plaintiff-appellant.
AFFIRMED.
NOTES
[1] James was not the architect designated by the contract, which named John S. Ellis the architect for the project. Ellis testified that he had never been hired as architect for the project.
[2] The record reflects no disposition with regard to the exception of prematurity. Presumably, following the filing of this exception, both parties agreed to a submission of this matter to arbitration pursuant to the provisions of their contract.