482 So.2d 958 (1986)
I.D.C., INC., Plaintiff-Appellee-Appellant,
v.
NATCHITOCHES DEVELOPMENT COMPANY,
Defendant-Appellant-Appellee.
No. 84-979.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1986.
*959 Talbot, Sotile, Carmouche, Sidney A. Marchand, III, Donaldsonville, for defendant-appellant-appellee.
Thomas, Dunahoe & Gregory, Edwin Dunahoe, Natchitoches, for plaintiff-appellee-appellant.
Before DOMENGEAUX, LABORDE, and KING, JJ.
DOMENGEAUX, Judge.
This case involves a dispute between a plaintiff-contractor (I.D.C., Inc.) and the defendant-owner (Natchitoches Development Company). Originally, the contractor filed suit in the Tenth Judicial District Court against the owner, praying for the unpaid balance of the contract price and for recognition of its lien upon the property subject to the contract. However, the owner believed that the contractor should be required to pay it damages for breach of contract. The parties' agreement provided that all claims arising out of the contract document would be decided by arbitration. Because contract interpretation was at the heart of the parties' dispute, the owner submitted its claim under the builder's warranty to the American Arbitration Association.
At the arbitration hearing, the arbitration panel heard the claims and evidence of both parties. The ultimate award of the panel was in favor of the contractor in the sum of $82,100.00 plus 12% interest from January 4, 1983, until paid. This award was presented to the Tenth Judicial District Court, was duly confirmed over objection by the owner, and judgment was rendered thereon. The judgment also recognized the contractor's lien on the property subject to the contract.
The owner has brought this devolutive appeal contesting the confirmation of the award of the arbitration panel and the recognition of the contractor's lien.[1] The contractor *960 has answered the appeal seeking damages for frivolous appeal pursuant to La.C.C.P. Art. 2164.
The owner's first assignment of error asks this Court to review the merits of the arbitrators' award. Although an appeal may be taken from a judgment entered upon an arbitration award, La.R.S. 9:4215, the grounds for such an appeal are limited to those enumerated in La.R.S. 9:4210 and 9:4211. National Building and Contracting Company, Inc. v. Lafourche Parish Police Jury, 381 So.2d 867 (La.App. 1st Cir.1980), writ denied, 385 So.2d 268 (La.1980). In fact, a long line of jurisprudence firmly establishes that a reviewing court cannot review the merits of an arbitrator's decision. Firmin v. Garber, 353 So.2d 975 (La.1977); National Building and Contracting Company, Inc. v. Lafourche Parish Police Jury, supra; Allen v. A & W Contractors, Inc., 433 So.2d 839 (La.App. 3rd Cir.1983), writ denied, 438 So.2d 578 (La.1983). The reasoning behind this limit to factual review was first stated in Allen v. A & W Contractors, Inc., supra, wherein we quoted from Am. Jur.2d, Award and Arbitration § 167:
"It is the general rule that, unless restricted by the agreement of submission, arbitrators are the final judges of both law and fact. Since mistakes of judgment and mistakes of either fact or law are among the contingencies the parties assume when they submit disputes to arbitrators, the award of the arbitrators cannot be set aside for errors of law or fact except where those errors are so gross as to suggest fraud, misconduct, bad faith, a failure to exercise honest judgment, or partisan bias, or so great as to prevent a full and fair exercise of the judgment of the arbitrators, or where, in the case of an error of law, it clearly appears from a statement of the basis of the award that the arbitrators meant to decide the case according to law." (footnotes omitted).
The above authority makes it abundantly clear to us that the owner has no right to a review of the arbitration panel's award inasmuch as this case presents no issue of fraud, bias, etc. Because the owner has no right to a review herein, there was no error in the district court's refusal to order the arbitration panel to compile a narrative of fact or furnish the trial court with a record of evidence. The owner's three specified assignments of error are without merit.
The second issue raised in the owner's brief contests the district court's authority to recognize the contractor's lien on the property subject to the contract. Although a review of the merits of an arbitration award is prohibited, La.R.S. 9:4201, et seq. places no further limits on the authority of the court. The trial court's judgment confirmed the arbitration award without alteration or modification and recognized the contractor's lien as prayed for in the contractor's original petition. Inasmuch as the lien could have been recognized in a separate proceeding at any time after the judgment confirming the arbitrators' award, efficiency is achieved by accomplishing both in the same proceeding. The trial court committed no error in recognizing the contractor's lien.
Finally, we consider the contractor's prayer for damages for frivolous appeal. In the case of Moity v. Busch 368 So.2d 1134 (La.App. 3rd Cir.1979) this Court quoted the following rule from Jackson v. East Baton Rouge Parish School Board, 348 So.2d 739 (La.App. 1st Cir.1977):
"Article 2164 of the Code of Civil Procedure authorizes a claim for damages for frivolous appeal, but its provisions are penal in nature and must be strictly construed. Appeals are favored, and the imposition of penalties for a frivolous *961 appeal will not be granted unless they are clearly due. Damages for frivolous appeal will not lie unless it manifestly appears that the appeal was taken solely for delay or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks serious merit." (Citations omitted)
Inasmuch as the "issues" raised in this appeal have been summarily disposed of after a review of the applicable law and jurisprudence, we cannot believe that the appealing counsel seriously believed in the position he advocated before us. The first assignment of error raises an issue that has long been buried by the weight of judicial opinion and scholarly treatise. The second contests the authority of the district court to grant relief to a litigant, but cites no support nor offers any reason to limit the broad subject matter jurisdiction of the state district court. For these reasons we find this appeal frivolous and grant the plaintiff-contractor's plea for damages which we award in the sum of $1,000.00.
For the above and foregoing reasons the judgment of the district court is affirmed. It is furthermore Ordered, Adjudged, and Decreed that there be judgment in favor of I.D.C., Inc. and against the Natchitoches Development Company in the full and true sum of $1,000.00 together with legal interest thereon from the date of this judgment until paid as damages for frivolous appeal. All costs of this appeal are to be borne by the defendant-appellant, Natchitoches Development Company.
AFFIRMED, AS AMENDED.
NOTES
[1] The appellant, Natchitoches Development Company, alleges that the trial court erred in:

1. Confirming the award of the arbitration panel, and recognizing the contractor's lien.
2. Refusing to order the making of a narrative statement of fact by the arbitration panel for submission to the Court of Appeal;
3. Refusing to order the arbitration panel to furnish a record of the evidence, including all pleadings and exhibits, for inclusion in the record to be furnished to the Court of Appeal.
The issues actually argued in brief, however, are whether the trial court erred in (1) confirming the award of the arbitration panel, and (2) recognizing the contractor's lien. Because we find the owner has no right to a review of the merits of the arbitration award, we have no reason to discuss the owner's third issue concerning whether the trial court erred in failing to order a narrative of fact from the arbitration panel.