JOHN S. PICKETT, Jr., Judge Pro Tern.
Patrick Franklin instituted suit against State Farm Fire & Casualty Company, Kansas City Southern Railway Company, Walter Doucet and Gene Kile Trucking Company, for alleged damages sustained by petitioner resulting from a truck-train collision which occurred on August 26, 1982. Alternatively, plaintiff sought payment of workmen’s compensation benefits and medical expenses from his employer. The tort claim is against Kansas City Southern Railway Company and Walter Doucet. The alternative workmen’s compensation claim is against petitioner’s employer, Gene Kile Trucking Company and his workmen’s compensation insurer, State Farm Fire and Casualty Company.
At the close of Plaintiff’s evidence the trial court granted a directed verdict, dismissing plaintiff’s tort suit, and ultimately rendered judgment dismissing plaintiff's suit for workmen’s compensation benefits. Plaintiff appealed, urging that (a) the trial court erred in granting a directed verdict in favor of defendants, Kansas City Southern Railway Company and Walter Doucet; (b) the trial court erred in not ordering Gene Kile Trucking Company and its insurer to pay plaintiff’s medical expenses; and (c) the trial court erred in failing to find Gene Kile Trucking Company and its insurer to have been arbitrary and capricious in not previously paying the outstanding medical bills.
We find no error in the trial court’s rendition of a directed verdict in favor of defendants, Kansas City Southern Railway Company and Walter Doucet.
*775 The trial court, in its findings of fact, found that on August 26, 1982, at about 9:00 o’clock A.M., plaintiff, Patrick Franklin was driving a 1978 Ford tandem dump truck that belonged to his employer, Gene Kile Trucking Company, and that plaintiff was at all pertinent times, acting within the course and scope of his employment. Immediately prior to the accident he was proceeding north on Louisiana 108 (Cities Service Highway) at a speed of 30-35 miles per hour approaching Bayou D’lnde Road. He then made a 90 degree turn to the right and proceeded east approximately 100-150 feet to the rail crossing of Kansas City Southern Railway Company. At that point he collided with KCS Engine No. 4342 which was proceeding north and pulling six (6) empty coke hopper cars. After the impact, the KCS engine was stopped within 30-35 feet. At the time of the accident the day was clear, the road dry and there was no obstruction to conceal or hide the train from view. The train had been sounding its horn for over a thousand feet, its head light was burning and its bell was ringing. The train’s speed was only 3-5 miles per hour.
The train’s conductor and brakeman both observed plaintiff as he approached the crossing and, upon realizing that the truck was not going to stop, then shouted to the engineer to put the train in emergency stop.
After the accident plaintiff was taken to the West Calcasieu Cameron Hospital by a fellow employee. He was x-rayed and examined. The x-rays were normal. Abrasions and contusions were found on both knees. He was given two (2) cold press ice bags and released at 11:15 A.M., about two hours after the accident.
On September 16, 1982, plaintiff was seen by Dr. Harry Snatic at the request of his attorney. The doctor examined him, gave him a diathermy treatment to the trapezius muscles and a short period of traction to his neck. He was told to come back for follow-up but he did not do this. There is no evidence that he ever saw another doctor. He returned to work not more than three days after the accident.
The evidence also shows that he was terminated from his employment within a few days after the accident. Since the accident he has worked for a construction firm, a sheet metal company, a cafeteria and a restaurant. The trial court found no evidence of disability.
The trial court found no evidence of negligence on the part of Kansas City Southern. On the contrary the trial court found that plaintiff was traveling too fast on a known route, and should have seen and heard the train, and should have stopped. The trial court found that this constituted negligence on the part of plaintiff, and that plaintiff’s negligence was the sole cause of the accident.
A review of the record fully supports the trial judge’s findings of fact. Only in case of manifest error can the factual findings of the trial court be reversed. Canter v. Koehring Company, 283 So.2d 716 (La. 1973); Butts v. Insurance Company of North America, 352 So.2d 745 (La.App. 3rd Cir., 1977).
Plaintiff appellant first contends that the trial court erred in rendering a directed verdict against him.
A motion to dismiss a non-jury case, at the close of plaintiff’s presentation of evidence, is authorized by LSA-C.C.P. Art. 1810(B), which provides as follows:
“B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.”
Our jurisprudence holds that in a non-jury case the proper standard to be *776 applied by the court in ruling upon a motion for directed verdict is that the judge must weigh and evaluate all of the evidence presented in a light most favorable to the non-mover and determine if the plaintiff has established his claim by a preponderance of the evidence. Bradley v. Hunter, 413 So.2d 674 (La.App. 3rd Cir., 1982).
We have reviewed the record in the light of this standard and consider that the trial court did not err in granting defendant’s motion for summary judgment.
Plaintiff-appellant does not question the trial court’s judgment insofar as same dismissed his claim for payment of workmen’s compensation. Appellant, however, urges that the trial court committed error when it failed to order payment by Gene Kile Trucking Company and its insurer of plaintiff’s medical expenses and in failing to find non-payment thereof to have been arbitrary and capricious.
The obligation of the insurer is to provide medical treatment. In this case defendant did not refuse to provide medical treatment. In fact, no medical bills were ever submitted by plaintiff-appellant to either the insurer or the employer for payment. Whether an employer is arbitrary and capricious in a particular situation is a question of fact which should be determined based on what information the employer had available to it upon which it based its action. Dupre v. Sterling Plate Glass and Paint Company, Inc., 344 So.2d 1060 (La.App. 1st Cir., 1977).
The trial court did not err in failing to find defendants arbitrary and capricious.
The Kansas City Southern Railway Company, a defendant-appellee, has answered plaintiff’s appeal and prays for damages for alleged frivolous appeal. The appeal, as it relates to the said defendants, Kansas City Southern Railway Company, was taken from the granting of defendant’s motion for a directed verdict at the close of plaintiff's presentation of evidence.
In the case of Jackson v. East Baton Rouge Parish School Board, 348 So.2d 739 (La.App. 1st Cir., 1977), the court said:
“Article 2164 of the Code of Civil Procedure authorizes a claim for damages for frivolous appeal, but its provisions are penal in nature and must be strictly construed. Appeals are favored, and the imposition of penalties for a frivolous appeal will not be granted unless they are clearly due. Damages for frivolous appeal will not lie unless it manifestly appears that the appeal was taken solely for delay or that appealing counsel does not seriously believe in the position he advocates, even though the appeal lacks serious merit.” (Citations omitted)
The above cited rule has been applied consistently by our courts. See Coleman Oldsmobile, Inc. v. Arthur Cobb, 366 So.2d 994 (La.App. 1st Cir., 1978), and the recent case of I.D.C., Inc. v. Natchitoches Development Company, 482 So.2d 958 (La. App. 3rd Cir., 1986). In the latter case the court awarded damages for frivolous appeal after determining that the “issues” raised on appeal were so contrary to the applicable law and jurisprudence that the court could not believe that the appealing counsel seriously believed in the position he was advocating.
In the instant case the evidence presented by plaintiff on his case in chief fell so far short of making a prima facie case that the trial judge commented, upon sustaining the motion for directed verdict, that he would not dignify his ruling with written reasons.
After a full review of the evidence before the court at the time the motion for directed verdict was granted we can find no basis for believing that counsel for plaintiff-appellant seriously believed that the appeal had merit.
We therefore find that plaintiff-appellant’s appeal from the ruling of the court sustaining the motion of defendant-appel-lee, Kansas City Southern Railway Company, was frivolous and grant to said defendant-appellee damages in the sum of Five Hundred and No/100 ($500.00) Dollars.
*777 For the above and foregoing reasons the judgment of the district court is affirmed.
It is further ordered, adjudged and decreed that there be judgment in favor of Kansas City Southern Railway Company and against Patrick Franklin, in the full sum of Five Hundred and No/100 Dollars, together with legal interest thereon from the date of this judgment until paid, as damages for frivolous appeal. All costs of this appeal to be borne by the plaintiff-appellant, Patrick Franklin.
AFFIRMED, AS AMENDED.