FORET, Judge.
Southern Tile Company, Inc. (Southern Tile) instituted suit against Collins & Aik-man Corporation (C & AC), seeking damages arising out of the purchase of defective carpet from C & AC. From a judgment sustaining an exception of prematurity filed on behalf of C & AC, Southern Tile has appealed.
The issue presented for our consideration on appeal is whether or not an arbitration clause contained on a written acknowledgment of goods (signed by the vendor and vendee) is binding on the parties thereto. We affirm the judgment of the trial court finding that the arbitration clause is enforceable. The trial court assigned excellent written reasons for judgment, which we adopt herein:
“In 1985 plaintiff, Southern Tile Company, Inc., placed a large order for carpeting with defendant, Collins and Aikman Corporation. The carpeting was to be installed in the U.S.L. Health & P.E. Building by Southern Tile pursuant to an agreement with its general contractor, Commercial Construction Company. Because of a defect in the carpeting, Southern Tile was unable to meet its contractual installation date of August 1, 1986. Southern Tile eventually installed the carpet, but Commercial Construction Company refused to pay for the installation, claiming that this amount would be retained as an offset against liquidated damages made necessary by the delay.
“Southern Tile then instituted this suit against Commercial Construction for the amount owed for the installation and alternatively, against Collins and Aikman for damages resulting from the defective carpeting. Commercial Construction then filed a reconventional demand against Southern Tile and a cross-claim against Collins and Aikman.
“Collins and Aikman then filed this exception of prematurity against Southern Tile, alleging that plaintiff agreed to submit any controversy arising from this contract to arbitration in the City of New York. Collins and Aikman also filed an exception of no cause of action as to Commercial Construction’s cross-claim, claiming that its petition fails to allege any facts which would entitle Commercial Construction to any relief.
“Upon placing the carpeting order, Mrs. Claire Koch, president of Southern Tile Company, signed an "acknowledgement” prepared by Collins and Aikman. This document contained the following provision directly above Mrs. Koch’s signature:
‘IMPORTANT:
‘This order is accepted subject to all of the terms and conditions on the face and reverse sides hereof, including the provisions for arbitration and the exclusion of warranties, all of which are accepted by Buyer, supersede Buyer’s order form, if any, and constitute the entire contact between Buyer and Seller.’
“Plaintiff claims that there was no meeting of minds as to the issue of arbitration, and that the document is merely an invoice acknowledgement. In support of its claim that the arbitration clause is unenforceable, plaintiff relies on the case of Standard *49 Coffee Service v. Babin, 472 So.2d 124 (La.App.5th Cir.1985), in which an arbitration agreement in an employment contract was held to be invalid. Standard Coffee, however, was ultimately decided on the issue of coercion, with the court finding that the employee was threatened with loss of his job if he failed to sign the agreement. Such extreme circumstances are not present here.
“The Court finds that the terms of the agreement signed by Mrs. Koch are very clear. The reverse side of the document is entitled ‘Sales Contract Terms’, and twice in the document appears the notation that this paper constitutes the entire contract between Buyer and Seller. References to arbitration also appear twice in the document: directly above Mrs. Koch’s signature, with more specific provisions on the reverse side.
“Given these facts, the Court cannot accept plaintiff’s claim that it had no knowledge of the arbitration provisions. As the First Circuit has stated:
‘A person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, or that it was not explained or that he did not understand it.’
Carter’s Insurance Agency, Inc. v. Franklin, 428 So.2d 808 (La.App.1st Cir.1983).
“Title 9, Section 4201 of the Louisiana Revised Statutes provides that any written contract to settle by arbitration is valid, irrevocable, and enforceable, except upon such grounds that exist in law or equity for the revocation of any contract. This provision has been interpreted as reflecting ‘a legislative policy favoring arbitration as a tool for speedy resolution of contract disputes.’ Willis-Knighton Medical Center v. Southern Builders, Inc., 392 So.2d 505 (La.App.2nd Cir.1980). In In re Cajun Electric Power Cooperative, Inc., 791 F.2d 353 (5th Cir.1986) the Fifth Circuit Court of Appeals, applying Louisiana law, was faced with a similar situation in which a party to a contract denied any knowledge of an arbitration provision appearing on the contract’s signature page. The court enforced the arbitration clause, holding that it was an integral part of the contract.
“The Court is not unsympathetic to plaintiff’s position. However, the law is clear that arbitration is favored in this state, and that one cannot avoid the consequences of what he has signed.
“Accordingly, judgment is rendered herein granting the exception of prematurity on behalf of defendant, Collins and Aikman Corporation,....”
Finding no error therein, we affirm the judgment of the trial court, and all costs of this appeal are assessed to plaintiff-appellant, Southern Tile Company, Inc.
AFFIRMED.