629 So.2d 1302 (1993)
CHARLES RAGUSA & SON, INC.
v.
ST. JOHN THE BAPTIST PARISH SCHOOL BOARD.
No. 93-CA-1076.
Court of Appeal of Louisiana, Fourth Circuit.
December 16, 1993.
John L. Diasselliss, III, Asst. Dist. Atty., LaPlace, for appellant.
Paul J. McMahon, III, Christopher T. Lee, Allen & Gooch, Lafayette, for appellee.
Before CIACCIO, WARD and ARMSTRONG, JJ.
CIACCIO, Judge.
This is an appeal by the St. John the Baptist School Board ("School Board") from the district court's confirmation of an arbitration award in favor of Charles Ragusa & Son, Inc. ("Ragusa"). We affirm.
On April 8, 1987, Ragusa entered into a contract with the School Board for the construction of the Glade School in LaPlace, Louisiana. The original contract sum was $6,261,800.00, and on November 29, 1989, Ragusa submitted an application for final payment and was paid the sum of $51,321.85.
By letter dated January 7, 1992, Ragusa requested payment from the School Board in the amount of $20,637.81 for additional work performed and for costs of delay in the project due to design problems. This amount was not paid by the School Board, and Ragusa subsequently filed a demand for arbitration of the matter pursuant to the arbitration provisions of the contract. Both parties participated in the selection of the arbitrator, and the School Board did not oppose the selection of the arbitrator.
On July 14, 1992, the arbitrator ordered the School Board to pay Ragusa the amount demanded, but the School Board failed to comply. Ragusa then filed a motion to convert the arbitration award to judgment of the court. The School Board opposed this motion, arguing that the matter was not subject to arbitration. Judgment of the district *1303 court was entered on February 2, 1993 upholding the arbitration award.
In its reasons for judgment, the trial court stated:
The Court does not find that the arbitrator exceeded his powers nor that the arbitrator was biased or prejudiced against St. John the Baptist School Board.
It is from this judgment that the School Board now appeals. On appeal, the board cites the following assignment of error:
The Court committed error when it failed to rule that the Arbitrator exceeded his authority and/or imperfectly executed his power and ordered the School Board to pay CRS $20,737.81 because the matter was not subject to Arbitration.
The contract between the parties contains the following provisions pertinent to the instant suit:
7.9.1 All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the Contract Documents, or the breach thereof, except as provided in Subparagraph 2.2.11 with respect to the Architect's decision on matters related to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Sub-paragraphs 9.9.4 and 9.9.5, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.
7.9.5 The right of AAA to make administrative appointments is revoked. The parties shall select all arbitrators.
Contractual arbitration provisions are governed by the Louisiana Arbitration Law, La. R.S. 9:4201, et seq. The exclusive grounds by which an arbitration award may be vacated by Louisiana courts are specifically set forth in La.R.S. 9:4210, which provides:
In any of the following cases, the Court in and for the parish wherein the award is made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definitive award upon the subject matters submitted was not made.
Louisiana courts have consistently held that although an appeal may be taken from a judgment entered upon an arbitration award, the grounds are limited to those enumerated in La.R.S. 9:4210. Nat. Bldg., etc. v. Lafourche Parish Police, 381 So.2d 867 (La. App. 1st Cir.), writ denied 385 So.2d 268 (1980). Moreover, absent any of these grounds, a reviewing court is prohibited from reviewing the merits of an arbitrator's decision. Firmin v. Garber, 353 So.2d 975 (La. 1977); Allen v. A & W Contractors, 433 So.2d 839 (La.App. 3rd Cir.), writ denied, 438 So.2d 578 (La.1983).
In attempting to vacate the present award, the School Board evidently relies on section 4210(D). The School Board contends that the arbitrator exceeded his authority by submitting this matter to arbitration where the claim for payment asserted by Ragusa was outside the scope of the contract and the arbitrator therefore had no jurisdiction of the dispute. The Board contends that Ragusa waived its right to arbitrate by accepting final payment, and that arbitration was not applicable because demand for payment was not timely made to the School Board.
A similar claim based on nearly identical contractual language was asserted in Willis-Knighton Med. Ctr. v. So. Builders, Inc., 392 So.2d 505 (La.App. 2d Cir.1980). In that case, a contractor made additional repairs to plaintiff's office building after accepting final payment from plaintiff for the construction of *1304 the building. The contractor requested, but failed to receive, payment for the additional work and sought arbitration under the provisions of the contract. Plaintiff refused to participate in the arbitration proceedings and filed an injunction in the trial court seeking to prevent defendant from proceeding with the arbitration. The trial court denied the injunction and plaintiff appealed, arguing that the contract between the parties had been terminated by the acceptance of final payment by the defendant and that defendant had waived its right to arbitration by failing to demand arbitration at the time the additional work was performed.
The Court of Appeal affirmed, relying on Bartley, Inc. v. Jefferson Parish School Board, 302 So.2d 280 (La.1974). The Court stated:
Defendant's claim for arbitration seeks to recover money expended in correcting work which was not in compliance with contract specifications. Plaintiff seeks to enjoin the proceedings by contending the contract does not require it to arbitrate. This is certainly a dispute arising out of the contract. Having concluded that the parties agreed to arbitrate such disputes, and that plaintiff is refusing to do so, we hold the district court was correct in its judgment denying the preliminary injunction.

Willis-Knighton Med. Ctr., supra, 392 So.2d at 507-508.
In addition, the Court refused to consider plaintiff's contention that defendant waived its right to arbitration as "[s]uch issues of procedural arbitrability should not be decided by the court without first having been submitted by the arbitrator." Id., at 508.
In the present case, both parties agreed to the selection of an arbitrator, and the School Board failed to either object to the arbitration proceedings or to file an injunction to prevent Ragusa from proceeding with the arbitration. The arbitrator obviously addressed the contention raised by the School Board as to whether the matter was governed by the contract's arbitration clause, and concluded that the matter was subject to arbitration.
This identical issue was addressed in Nat. Bldg., etc. v. Lafourche Parish Police, supra, wherein the parties disputed whether plaintiff had waived its right to arbitration under the contract by accepting final payment and failing to present its claim timely. In that case, the Court held that a dispute over whether the contractual arbitration provisions are applicable are matters of "procedural arbitrability" which is a matter subject to arbitration.
Likewise, in the present case, we find that the issue of whether Ragusa waived its right to arbitration is a matter of procedural arbitrability which was properly within the scope of the arbitrator's authority. We cannot say that the award rendered constitutes an excess of appropriate powers or an imperfect execution of these powers. Under these circumstances, we cannot review the merits of the arbitrator's decision, nor may we substitute our own conclusions for that of the arbitrator. Firmin v. Garber, supra.
Accordingly, we conclude, as did the district court, that the School Board failed to carry its burden of proving the arbitrator exceeded his powers or imperfectly executed them. We hold that the trial court was correct in refusing to vacate the arbitrator's award, and the judgment of the trial court rendered in favor of Charles Ragusa & Son, Inc. is affirmed.
AFFIRMED.