iSCHOTT, Chief Judge,
concurring:
I agree with the majority opinion that, as a matter of law, the arbitration of the Refco and Barclays/Global claims are not barred by res judicata. This is dispositive of Howard Weil’s argument and the basis on which the judgment may be affirmed. However, I question the validity of some other statements made in the majority opinions which are not necessary for a resolution of the case.
First, after stating that Howard Weil cites no Louisiana authority to support its conclusion that a court should have decided the issue of res judicata, my colleagues imply that Howard Weil waived this argument because they did not seek redress from the courts until the arbitration panel made the award.
There is no authority in the Louisiana arbitration law for a party to seek redress in court to prevent arbitration. There is only the right to compel arbitration. La. R.S. 9:4203. A party may invoke the equitable power of the court to enjoin arbitration, but to succeed he must show that he will suffer irreparable injury unless the injunction issues. La.C.C.P., art. 3601. This equitable power is sparingly exercised in the face of a binding arbitration ^agreement. See for example, Landry v. William B. Reily & Co., Inc., 524 So.2d 750 (La.App. 3 Cir.1988); Willis-Knighton Med. Ctr. v. So. Builders, Inc., 392 So.2d 505 (La.App. 2 Cir.1980); Daigre Engineers, Inc. v. City of Winnfield, 385 So.2d 866 (La.App. 2 Cir.1980).
Next, my colleagues state that the fact that the arbitration panel failed to bar the claims on the basis of res judicata is not a statutory basis to vacate the award. As Howard Weil argues, one of the statutory grounds for a court to vacate an arbitration award is where the arbitrators exceeded their powers. It seems to me that if as a matter of law the Refco and Barclays/Global claims were barred by res judicata the arbitrators would have exceeded their powers to consider them. After all, the powers of arbitrators are subject to the law just as the powers of courts are.
Summing up, Howard Weil loses because res judicata does not apply. But Howard Weil was under no obligation to seek an injunction to prevent arbitration. It followed proper procedure in attempting to vacate the award based upon La. R.S. 9:4210(D). The trial court properly rejected its position as a matter of law.