SCHOTT, Judge.
Plaintiff and defendant entered into a building contract on March 15, 1977, under which defendant was to construct an addition to plaintiff’s home in New Orleans for the sum of $15,394. On October 18, 1977, plaintiff and defendant entered into an arbitration agreement in which they acknowledged the existence of a dispute concerning performance of the contract, and agreed to arbitration under the auspices of the Better Business Bureau of Greater New Orleans Area, Inc. The arbitration agreement contained the following provision:
“Consumer seeks reimbursement for all monies paid. Merchant seeks payment of unpaid monies and wishes to limit consumer remedy to specific performance, with a monetary value only in case of default. Arbitrator shall have all powers legal and equitable, entitled by law and specifically shall have the power to determine performance of the arbitration award.” (Emphasis supplied)
On March 17, 1978, the arbitrator made his award terminating the contract between the parties and awarding plaintiff $7,443.42 against defendant, to be paid within 30 days of the date of the award and for attorney’s fees and court costs in the event of a default on the part of either party.
On April 24, 1978, plaintiff filed suit to homologate the award and prayed for judgment in that amount together with attorney’s fees. On May 10, 1978, defendant filed a motion to vacate the award. The trial court confirmed the award and also awarded plaintiff an attorney’s fee in the amount of $3500, and defendant has appealed.
In this court defendant contests the award of $7443 on the ground that it is grossly irrational and he contests the award of attorney’s fees on the ground that the arbitrator exceeded his powers in making the award.
In order to vacate the award, defendant must rely on the following provisions of R.S. 9:4210:
“In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
“A. Where the award was procured by Corruption, fraud, or undue means.
“B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
“C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
“D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
*667 “Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.”
Defendant bases his case on the same theory as was recognized by the Court of Appeal in Firmin v. Garber, 343 So.2d 245 (La.App. 1st Cir. 1977) reversed by the Supreme Court in 353 So.2d 975. The Court of Appeal had found that the arbitrator’s award was “so grossly irrational as to be tantamount to ‘undue means’ and ‘evident partiality’ and must be vacated.” Reversing, the Supreme Court recognized that the arbitrator’s award was debatable but held that misconduct and partiality are not to be attributed to an arbitrator solely because a different award could be sustained. The same result obtains in the instant case.
Unlike most arbitration matters, in the instant case the arbitrator at the request of defendant gave detailed reasons for his award. He found that the addition to plaintiff’s house was constructed so poorly and contained so many major defects and deficiencies as well as minor flaws that the only remedy was major reconstruction of the addition. The contract price had been $15,394 but plaintiff had paid defendant a total of $10,443.42. The arbitrator found that in the reconstruction process plaintiff would be left with salvageable materials worth $3,000, so the award was for the difference between what plaintiff had paid and the value he had to show for that payment. No legal basis exists nor has any been suggested for this court to tamper with the factual conclusions of the arbitrator. Defendant’s argument on irrationability presumes that it is entitled to be paid for substantial completion, while the arbitrator’s evident conclusion was that there was no substantial completion. We find the award to be quite reasonable. We see no merit to the contention that the award was grossly irrational.
As to the award of attorney’s fees, defendant’s position has merit. Under our law attorney’s fees are not recoverable in the absence of a statute or a contract. In the instant case the building contract did not provide for attorney’s fees, and plaintiff has cited no statutes as his authority.
However, plaintiff relies on the language of the arbitration agreement referred to at the beginning of this opinion, and contends that the arbitrator’s 30 day deadline for payment in his award was pursuant to the provision in the arbitration agreement which conferred on him the power to determine performance of the award.
The Louisiana Arbitration law confers various procedural rights and remedies on the parties to an arbitration. Within one year after an award is made a party may move to confirm the award. R.S. 9:4209. The party likewise has the right to move the court to vacate an arbitrator’s award, §§ 4210 and 4211. If the argument of plaintiff were accepted the result would be to interfere with the basic rights conferred on the defendant in this case by the arbitration law. The award in question is tantamount to a penalty on defendant for exercising the right to minimal judicial review which is granted him by the statute. Such a provision seems contrary to the public policy of this state as expressed in Art. 1, § 22, of the Louisiana Constitution of 1974.
Accordingly, the judgment appealed from is affirmed but is amended to delete the award to plaintiff of $3500 attorney’s fees.
AFFIRMED AND AMENDED.