478 So.2d 1375 (1985)
D. Stephen ROSENBLOOM
v.
John W. MECOM, Jr. and New Orleans Saints, a Louisiana Partnership.
No. CA-3321.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1985.
Donald A. Hammett, Kevin O'Bryon, Hammett, Leake and Hammett, New Orleans, for plaintiff-appellant.
Russell J. Schonekas, Berrigan, Danielson, Litchfield, Olsen & Schonekas, New Orleans, for defendant-appellees.
Before KLEES, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
Appellant, D. Stephen Rosenbloom, filed suit against The New Orleans Saints, a Louisiana Partnership ["Saints"], and John W. Mecom, Jr., for damages resulting from an alleged breach of an employment contract. After a hearing on the matter, the *1376 appellee's exceptions of No Cause of Action and Res Judicata were maintained.
The facts leading up to this dispute involve an alleged oral contract entered into between Rosenbloom, Mecom and the Saints. The essential terms of the contract provided that Rosenbloom would serve as Executive Vice President and General Manager of the Saints for a five year term at an annual salary of $100,000.00 plus benefits commencing in December, 1979. It is subject to dispute the extent of control Mecom granted Rosenbloom in the Saint's operations and how each was to interact in the exercise of his authority. In any event, Rosenbloom terminated his position in January, 1981.
It is Rosenbloom's position that Mecom granted him "total control" of the Saint's operations and that Mecom breached the control commitment in a number of regards, including the hiring of O.A. "Bum" Phillips, resulting in a constructive discharge of Rosenbloom. Mecom contends they had a mutual understanding that either could terminate at will, that he did not grant total control, and that Rosenbloom voluntarily resigned. Subsequent to his departure from the Saints, Rosenbloom has alleged that Mecom, in conversation with other team owners and executives, defamed him and engaged in a pattern of behavior resulting in an impairment of his earning capacity.
The parties proceeded to arbitrate their claim pursuant to National Football League ["NFL"] rules. NFL Commissioner, Pete Rozelle, rendered a decision in favor of Mecom. Rosenbloom has now filed a petition requesting $5,575,000.00 in damages for loss of salary and benefits under the oral contract, defamation, and impairment of earning capacity. He requests that the exceptions of res judicata and no cause of action be overruled and that there be a modification or vacation of the arbitration judgment.

RES JUDICATA
Rosenbloom argues that the arbitration judgment is not binding against Mecom because Mecom was not a party to the proceedings. Alternatively, he argues that if the arbitration is binding, then it is res judicata only as to the salary issue, leaving the other causes of action open for adjudication.
In order to determine the res judicata effect of the arbitration judgment, it is necessary for us to determine who was a party to the proceeding and what issues were presented to the arbitrator for his determination.
LSA-R.S. 9:4201 provides in part:
... an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."
The award of the arbitrator is a final judgment and is res judicata in any subsequent action involving the same parties and issues. Housing Authority of New Orleans v. Henry Ericsson Co., 197 La. 732, 2 So.2d 195 (1941); Wright v. Round the Corner Restaurants, Inc., 252 So.2d 341 (La.App. 4th Cir.1971); Spencer v. Hoffman, 392 So.2d 190 (La.App. 4th Cir.1980). Arbitration is favored as a public policy because it promotes the expedient resolution of a dispute in lieu of costly and prolonged judicial proceedings. Firmin v. Garber, 353 So.2d 975 (La.1977).
The arbitration in the present case took place in accordance with Article VIII, Section 8.3(b) of the NFL Constitution and By-laws which provides:
"The Commissioner shall have full, complete, and final jurisdiction and authority to arbitrate: ...
(b) Any dispute between any player, coach, and/or other employee of any member of the League (or any combination thereof) and any member club or clubs.
Rosenbloom interprets this provision to mean that the Commissioner is empowered to resolve a dispute between an employee and the club but his jurisdiction does not extend to matters involving the employee and principal owner or chief executive. He *1377 supports his position by noting that the caption of the arbitration proceeding contains only the names of Rosenbloom and the Saints with the noticeable absence of Mecom.
Plaintiff has failed to offer any further evidence that this is the interpretation adopted by the NFL. In the absence of authority on his position, we must reach a contrary conclusion on the basis of the facts and in light of the goals supporting arbitration.
It is clear that Section 8.3(b), like many other arbitration provisions, was enacted to afford NFL employees a mechanism for the expedient resolution of disputes without the necessity of having to result to prolonged and expensive litigation. We read the arbitration provision as granting the Commissioner broad powers to resolve disputes involving any person, whatever his position or title, who consents to the arbitration and agrees to be bound by the Commissioner's decision. If we were to interpret this provision as Rosenbloom does, then the employee could invoke the arbitration against the club and simultaneously, proceed to litigate his claim against the club owner. This runs counter to the purposes of arbitration.
Our decision that Mecom was a party to the arbitration is supported by the facts of the case. It was necessary to join Mecom in the arbitration proceedings because he negotiated the contract with Rosenbloom on behalf of the Saints. Mecom testified at the arbitration proceeding. In his letter to Commissioner Rozelle, Rosenbloom specifically certified the dispute as against Mecom and requested arbitration pursuant to art. 8.3(b). Plaintiff has failed to offer sufficient evidence that it was the parties' intention to exclude Mecom from the arbitration proceedings and that the contractual issue would remain unresolved between them, even upon Commissioner Rozelle's determination. Accordingly, we find that Mecom was a party to the arbitration.
Commissioner Rozelle's letter to the parties setting forth his reasons for his decision adequately defines the scope of the submission and what issues were ultimately resolved. In his letter, Commissioner Rozelle states:
"I am asked to find, and to enforce, a firm five-year employment agreement, conferring total operating control of an NFL franchise, which was never reduced to writing...."
Further in the letter, he assigns his decision:
"I am therefore compelled to find that Steve's (Rosenbloom) voluntary resignation in tandem with Dick Steinberg's, and premised on their mutual apprehension of inevitable philosophical differences with Bum Phillips ... foreclosed any claim for damages or employment-related benefits beyond what he has already received from the Saints."
The issue of Rosenbloom's claim for loss of salary and benefits was clearly before Commissioner Rozelle and he resolved the dispute in favor of Mecom. The trial judge was proper in finding this claim to be barred as res judicata. Firmin v. Garber, supra.
We find that the district court did err in finding Rosenbloom's demands for damages based upon defamation and impairment of earning capacity were decided in the arbitration. These demands represent separate and distinct causes of action which have not been adjudicated.
A conclusive determination as to one of several causes of action does not bar the further litigation of other causes of action arising from the same set of facts. Safeco Insurance Co. v. Palermo, 436 So.2d 536 (La.1983); Lambert v. Maryland Casualty Co., 403 So.2d 739 (La.App. 4th Cir.1981). A prior judgment is res judicata only as to matters actually plead and adjudicated; it does not apply to matters which might have been pleaded but were not made a part of the proceedings. Mitchell v. Bertolla, 340 So.2d 287 (La.1976). Accordingly, res judicata does not foreclose Rosenbloom from asserting a cause of action against Mecom and the Saints based on the allegations contained in his petition relating to the claims of defamation and impairment of earning capacity.
*1378 REVIEW OF ARBITRATION PROCEEDINGS
Rosenbloom requests that the arbitration award be vacated or modified alleging that Commissioner Rozelle was without jurisdiction, that his award is contrary to law and fact, and that he was prejudiced by the partiality of the arbitrator.
As to the jurisdictional argument, Rosenbloom's claim is directly related to an employment contract when he was associated with the Saints. That Rosenbloom is no longer an NFL employee cannot be taken to mean the Commissioner is without jurisdiction to arbitrate a claim pertaining to a contractual dispute arising out of his previous employment. Appellant's submission to the arbitrator included his agreement to be bound by the arbitrator's decision.
The court cannot substitute its conclusion for that of the arbitrator, therefore, the decision cannot be overturned based on error of law and fact simply because the appellant is unhappy with the arbitrator's award. Firmin v. Garber, supra.
Appellant urges he was prejudiced by the partiality of Commissioner Rozelle. LSA-R.S. 9:4210 provides, in part:
"... (the judge) in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
* * * * * *
"B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
In Firmin v. Garber, the court interpreted Subsection B:
"To constitute evident partiality, it must clearly appear that the arbitrator was biased, prejudiced, or personally interested in the dispute. Giddens v. Board of Education of City of Chicago, 398 Ill. 157, 75 N.E.2d 286 (1947). Examples are a blood relationship with one of the parties or a pecuniary interest in the outcome of the dispute. See St. Paul Insurance Companies v. Lusis, 6 Wash. App. 205, 492 P.2d 575, 56 A.L.R.3d 687 (1971); Rothstein, Alan H., Vacation of Awards for Fraud, Bias, Misconduct and Partiality, 10 Vand.L.Rev. 813, 821; Annot., Setting Aside Arbitration Award on Ground of Interest or Bias of Arbitrators, 56 A.L.R.3d 697. The burden of proof rests upon the party attacking the award. Von Langendorff v. Riordan, 147 Conn. 524, 163 A.2d 100 (1960); 5 Am.Jur.2d, Arbitration and Award, Section 186, p. 657." 353 So.2d at 978.
The record is devoid of any evidence tending to establish that one of the disqualifying elements is present. Accordingly, the arbitration decision rendered by Commissioner Rozelle is affirmed.

NO CAUSE OF ACTION
The trial court did not rule on appellee's exception of no cause of action when it granted the exception of res judicata. The exception of no cause of action must be overruled when the petition states a cause of action as to any ground or portion of the demand. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975). The allegations contained in the petition are accepted as true, and the court may not look beyond the face of the pleading to sustain the exception of no cause of action. Haskins v. Clary, 346 So.2d 193 (La.1977).
For this reason, the appellee's exception of no cause of action must be overruled.
For the foregoing reasons, the judgment of the trial court pertaining to the issue of lost salary and benefits is affirmed on the grounds of res judicata. That portion of the judgment related to damages for defamation and loss of earning capacity is reversed and remanded. The appellee's exception of no cause of action is reversed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.