648 So.2d 1383 (1995)
Dr. John B. HILL, Appellee,
v.
W. Duane CLOUD, Appellant.
No. 26,391-CA.
Court of Appeal of Louisiana, Second Circuit.
January 25, 1995.
*1384 Cook, Yancey, King & Galloway by Jerald R. Harper, Shreveport, for appellant.
Comegys, Lawrence, Jones, Odom & Spruiell by James W. Davis, Shreveport, for appellee.
Leon H. Rittenberg, Jr. in pro per.
Before SEXTON, LINDSAY and STEWART, JJ.
LINDSAY, Judge.
Following unsatisfactory litigation, Dr. John B. Hill and W. Duane Cloud agreed to submit their dispute to arbitration in lieu of the appellate process. However, Cloud was also unsatisfied with the results of the arbitration and has now appealed from the trial court judgment confirming the arbitrator's award. For the reasons assigned below, we affirm the judgment of the trial court.

*1385 FACTS
Mr. Cloud, Dr. Hill, and Dr. Charles Hancock were equal shareholders in a closely held corporation, Doctors Park of Minden, Inc. The corporation owned an office building in Minden, where Dr. Hill and Dr. Hancock conducted their medical practices. Mr. Cloud obtained Dr. Hancock's shares and caused a new Board of Directors to be elected. The new board ordered the eviction of the doctors and the sale of the building by auction; at the auction, the building was purchased by Mr. Cloud.
Thereafter, litigation between Mr. Cloud and Dr. Hill ensued in Webster Parish. Dr. Hill claimed violations by Mr. Cloud and the board of numerous obligations, including fiduciary duties and improper eviction. Mr. Cloud reconvened against Dr. Hill, claiming damages as a result of his alleged trespass and failure to vacate. Jury trial was held in 1990 and resulted in damage awards of $100,000 in favor of Mr. Cloud and $107,000 in favor of Dr. Hill.
Both parties were dissatisfied with the jury verdict but wished to avoid the appellate process and a possible retrial. Therefore, they entered into an arbitration agreement, which was negotiated by their respective attorneys over a period of several months. This agreement gave the arbitrator authority to conduct the proceedings in accordance with the Commercial Arbitration Rules of the American Arbitration Association and Louisiana law. In reaching his decision, the arbitrator was allowed to consider the record of the proceedings in the Webster Parish suit, as well as any additional evidence he deemed necessary.
The arbitration hearing was held on June 25, 1992. On August 21, 1992, the arbitrator, Leon H. Rittenberg, Jr., ruled in favor of Dr. Hill.[1] In September 1992, Dr. Hill filed a motion to confirm the arbitration award, as specified in LSA-R.S. 9:4209, and for entry of judgment in the amount of $129,480.92.[2]
In February 1993, Mr. Cloud filed a cross-rule to show cause why the arbitration award should not be vacated, in which he also listed several affirmative defenses. Among these affirmative defenses, Mr. Cloud claimed that the arbitrator's award was null and unenforceable under LSA-R.S. 9:4210 because the arbitrator exceeded his powers as set forth in the arbitration agreement and considered matters beyond the scope of the agreement. He also contended the arbitrator obviously failed to apply Louisiana law and showed partiality toward Dr. Hill. In the alternative, he urged that, if the court determined that Dr. Hill and the arbitrator abided by the terms of the arbitration agreement, that the agreement and the award be deemed null and void due to vice of error as to law and fact.
A hearing was held in the trial court on February 8 and June 29, 1993. On November 5, 1993, the trial court issued written reasons for judgment and confirmed the arbitrator's award. The trial court specifically found that the arbitration agreement was a clear and unambiguous contract and that parole evidence as to the intentions of the parties was not to be considered. The court further found that there was no credible evidence of: (1) error sufficient to vitiate Mr. Cloud's consent; (2) fraud, corruption or undue means by Dr. Hill or his counsel; or (3) misconduct or evident partiality by the arbitrator or action exceeding the scope of his powers. Additionally, the trial court held that the award became final on August 21, 1992, thus entitling Dr. Hill to draw on Mr. *1386 Cloud's letter of credit, and that Mr. Cloud had violated his obligation under the agreement to abide by the arbitrator's award.[3]
Consequently, the trial court entered judgment in favor of Dr. Hill in the amount of $129,480.92, plus legal interest from August 27, 1992, until paid, with all costs. Judgment was also rendered against Mr. Cloud and in favor of the arbitrator for fees of $11,688.50 and in favor of the American Arbitration Association for costs of $1,101.83. Mr. Cloud was also ordered to pay all court costs.
Mr. Cloud appealed, arguing numerous assignments of error. However, given the narrow statutory scope of an appeal in an arbitration case, we do not find it necessary to address all of his contentions specifically. We will consider whether the trial court erred in finding that: (1) the arbitration agreement was a clear and unambiguous contract; and (2) there were no grounds for vacating the arbitrator's award under the Louisiana Arbitration Law.
Additionally, in his brief, Dr. Hill requested damages of $15,000 for frivolous appeal. The arbitrator filed an amicus curiae brief wherein he requested affirmation of the portion of the judgment setting his fee.

TERMS OF THE ARBITRATION AGREEMENT
The final draft of the arbitration agreement between Mr. Cloud and Dr. Hill provided, in relevant part, as follows:
WHEREAS, the parties now desire to submit their disputes to binding arbitration in accordance with the procedural Commercial Arbitration Rules of the American Arbitration Association and Louisiana substantive law.
NOW, THEREFORE, the parties agree as follows:
1. We, the undersigned parties, hereby agree to submit to arbitration under the Commercial Arbitration Rules of the American Arbitration Association the claims alleged by Hill and Cloud, one against the other, in suit Number 44,564, now pending in the Twenty-Sixth Judicial District Court for Webster Parish, Louisiana. We further agree to submit to arbitration the following related issues:
(a) Entitlement to the funds held in the escrow account at Peoples Bank & Trust Company;
(b) Entitlement of Jerry Hughes and Tom Wyatt to indemnification of their attorneys fees from the assets of Doctors Park, including the above escrow account;
(c) It is agreed that the arbitrator is empowered to award attorneys' fees and/or costs should he, in his sole discretion, deem such an award appropriate in the circumstances.
We further agree that the above controversy be submitted to one arbitrator selected from the Panel of Arbitrators of the American Arbitration Association. We further agree that we will faithfully observe this agreement and the rules, and that we will abide by and perform any award rendered by the Arbitrator and a judgment of the court having jurisdiction may be entered upon the award.
2. The parties further agree that the entire record of the proceedings in Suit No. 44,564 on the docket of the 26th Judicial District Court in and for Webster Parish, Louisiana, including transcripts of all testimony and copies of all exhibits admitted into evidence in said proceedings shall be considered in determining the outcome of this matter. It is the intention of the parties that the matter shall be decided based primarily upon said record. However, the parties shall also be entitled to supplement the record in the following respects:
....

*1387 (d) To offer such additional evidence as the Arbitrator may deem necessary to an understanding and determination of the dispute.
....
6. Within thirty (30) days of execution of this Agreement, Hill and Cloud shall each furnish to the other a standby letter of credit for $150,000.00 from a commercial bank insured by the Federal Deposit Insurance Corporation payable to the other party upon finality of any award of the Arbitrator.... [Emphasis added.]

LAW
Arbitration is a mode of resolving differences through the investigation and determination of one or more individuals appointed for that purpose. The object of arbitration is the speedy disposition of differences through informal procedures without resort to court action. Firmin v. Garber, 353 So.2d 975 (La.1977). In Louisiana arbitration is favored as a public policy. Wright v. Round the Corner Restaurants of Louisiana, Inc., 252 So.2d 341 (La.App. 4th Cir. 1971); Spencer v. Hoffman, 392 So.2d 190 (La.App. 4th Cir.1980). Because of the strong public policy favoring arbitration, arbitration awards are presumed to be valid. National Tea Co. v. Richmond, 548 So.2d 930 (La.1989).
The award of an arbitrator is res judicata and unless grounds are established, in accordance with arbitration law, for the vacation, modification or correction of the award, it must be affirmed. Spencer v. Hoffman, supra.
The Louisiana Arbitration Law in Title 9 of the Revised Statutes provides, in relevant part, as follows:

Sec. 4201. Validity of arbitration agreements
A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Sec. 4209. Motion to confirm award; jurisdiction; notice
At any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof.

Sec. 4210. Motion to vacate award; grounds; rehearing
In any of the following cases the court in and for the parish wherein the award as made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.

Sec. 4211. Motion to modify or correct award; grounds
In any of the following cases the court in and for the parish wherein the award was *1388 made shall issue an order modifying or correcting the award upon the application of any party to the arbitration.
A. Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.
C. Where the award is imperfect in matter of form not affecting the merits of the controversy.
The order shall modify and correct the award so as to effect the intent thereof and promote justice between the parties.
Under LSA-R.S. 9:4210(A), the term "undue means" denotes the use of misconduct or other gross deviation from normal arbitration to procure an award. It does not embrace a questionable conclusion drawn from conflicting evidence. Firmin, supra.
The "evident partiality" of the arbitrator is also a ground for vacating the award under LSA-R.S. 9:4210(B). To constitute evident partiality, it must clearly appear that the arbitrator was biased, prejudiced, or personally interested in the dispute. Firmin, supra; National Tea Co. v. Richmond, supra. Examples are a blood relationship with one of the parties or a pecuniary interest in the outcome of the dispute. Additionally, the burden of proof rests upon the party attacking the award. Misconduct and partiality are not to be attributed to an arbitrator solely because a different award could be sustained. Firmin, supra.
It is well settled in both state and federal courts that, in the furtherance of the purpose and intention of arbitration, an award may be challenged only on the grounds specified in the statute. It is clear that a reviewing court may not substitute its own judgment for that of the arbitrators. Greer v. Lowe, 94 So.2d 560 (La.App. 2d Cir.1957); Transcontinental Drilling Co., Inc. v. Davis Oil Company, 354 So.2d 235 (La.App. 4th Cir.1978); National Building and Contracting Company, Inc. v. Lafourche Parish Police Jury, 381 So.2d 867 (La.App. 1st Cir.1980), writ denied, 385 So.2d 268 (La. 1980); Firmin, supra.
A reviewing court cannot review the merits of an arbitrator's decision. National Building and Contracting Company, Inc. v. Lafourche Parish Police Jury, supra; Matter of Bacmonila Garden Apartments, Inc., 359 So.2d 1340 (La.App. 4th Cir.1978).
An appellant may not actually seek a review of the merits of the case by couching its argument in terms of the arbitrators having exceeded their authority. Matter of Bacmonila Garden Apartments, Inc., supra.
The grounds for challenging an award do not include errors of law or fact. Errors of law or fact are insufficient to invalidate a fair and honest award. Firmin, supra; St. Tammany Manor, Inc. v. Spartan Building Corporation, 509 So.2d 424 (La. 1987); National Tea Co. v. Richmond, supra.
There is no statutory requirement in Louisiana that written reasons for an arbitration award be rendered. Therefore, failure to issue written reasons for judgment cannot be considered an imperfection in the form of the award. Transcontinental Drilling Co., Inc. v. Davis Oil Company, supra.

Clear and Unambiguous Contract
The trial court found that the arbitration agreement was a clear and unambiguous contract and, consequently, the intention of the parties could be found within the four corners of the document without resort to parole evidence. It further found that there was no credible evidence of error vitiating Mr. Cloud's consent to the contract.
Our review of the record supports the trial court's holding. The final arbitration agreement was the product of several months of detailed negotiation between competent counsel of the respective parties. The agreement went through several revisions before the final agreement was mutually agreed upon and signed by both parties. The trial court, which heard the *1389 testimony and had the advantage of observing the demeanor of the witnesses, obviously made a credibility determination when it held that there was a lack of "credible evidence" of error sufficient to vitiate Mr. Cloud's consent. Such a credibility determination by the trial court is entitled to great deference. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Therefore, the arbitration agreement was a "valid, irrevocable, and enforceable" contract as contemplated by LSA-R.S. 9:4201.

Grounds to Vacate Arbitrator's Award
The trial court also found no credible evidence of any of the statutory grounds for vacating, modifying or correcting the arbitrator's award. We agree. The record is devoid of any evidence of corruption, fraud, undue means, partiality, misconduct in the proceedings, overstepping of authority, or failure to render a definite award, as specified in LSA-R.S. 9:4210. Nor is there evidence of error of description or miscalculation of figures, as provided in LSA-R.S. 9:4211.
One of Mr. Cloud's contentions is that the arbitrator exceeded his authority by awarding him what appear to be rental payments which he had not sought. (As noted previously, the awards made by the arbitrator in favor of Mr. Cloud were credited against the amount of damages awarded to Dr. Hill.) Although Mr. Cloud did not seek rental payments, he did request damages for Dr. Hill's alleged trespass. Thus, we cannot conclusively determine the basis of this award. However, even if they were rental payments and such an award was error, it was not sufficient to nullify the award. See National Tea Co. v. Richmond, supra.
Mr. Cloud also complains because the arbitrator failed to give written reasons for his award. However, neither the arbitration agreement or statutory arbitration law required the arbitrator to do so.
Another argument asserted by Mr. Cloud is that the arbitrator (1) resorted to equity and did not base his award solely upon Louisiana law and (2) relied upon evidence outside of the record of the jury trial. However, this contention is not supported by any evidence in the record beyond the self-serving and speculative testimony of Mr. Cloud.[4]
Having found that there is no basis for vacating the award under the applicable provisions of the Louisiana Arbitration Law, we affirm the judgment of the trial court confirming the arbitration award.

FRIVOLOUS APPEAL
Dr. Hill seeks damages of $15,000 for frivolous appeal. However, since he failed to appeal or answer the appeal (as contemplated by LSA-C.C.P. Art. 2133), such request is denied. Broussard v. Leger, 624 So.2d 1304 (La.App. 3 Cir.1993), writ denied, 93-2762 (La. 1/7/94), 631 So.2d 452; Sears, Roebuck & Co. v. Appel, 598 So.2d 582 (La.App. 4 Cir.1992); Dull v. Gibbs, 577 So.2d 806 (La.App. 2d Cir.1991); Arnoult v. Arnoult, 498 So.2d 749 (La.1986). A brief submitted by the appellee does not satisfy the requirement of LSA-C.C.P. Art. 2133. Broussard v. Leger, supra; Sears, Roebuck & Co. v. Appel, supra.

*1390 CONCLUSION
The judgment of the trial court confirming the arbitration award is affirmed in its entirety, including the portion ordering payment of the arbitrator's fee. Costs are assessed against the appellant, W. Duane Cloud.
AFFIRMED.
NOTES
[1] The arbitrator awarded the following to Dr. Hill: $145,000.00, with legal interest from September 24, 1985 until paid; and $50,000.00, with legal interest from the date of the award. The court also made the following awards to Mr. Cloud: $5,550.00, with legal interest from December 5, 1985 until paid; 13 payments of $925.00 (apparently monthly rental payments from January 1, 1986 to January 1, 1987), with legal interest from each payment's due date until paid; and $693.75, with legal interest from February 1, 1987 until paid.
[2] Attached to Dr. Hill's motion were calculations by a certified public accountant establishing the amount due by Mr. Cloud to Dr. Hill. In reaching the amount of $129,480.92, the accountant computed the legal interest on the various awards by the arbitrator, made set-offs in connection with the damages awarded to Mr. Cloud, and gave Mr. Cloud credit for $150,000.00 Dr. Hill had already collected under the terms of a letter of credit executed by Mr. Cloud in favor of Dr. Hill.
[3] The trial court also made the following pertinent observation:

It is abundantly clear that there is animosity between the parties, and it is equally obvious that Mr. Cloud vehemently objects to the decision of the Arbitrator. However Mr. Cloud, with the benefit of splendid legal representation, entered into a valid and irrevocable contract. The fact that he does not personally like the result does not legally entitle him to have the contract and the entire process set aside.
[4] The arbitration agreement called for the application of the Commercial Arbitration Rules of the American Arbitration Association. These rules include the following, in relevant part:

31. Evidence
The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute.... The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of evidence shall not be necessary....
43. Scope of Award
The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance of a contract.
Based upon these rules and the provisions of the arbitration agreement itself, we cannot say that it would have been impermissible for the arbitrator to consider evidence outside the Webster Parish trial record or to apply the principles of equity.