GUIDRY, Justice,
dissents and assigns reasons.
|,I respectfully dissent from the majority’s reversal of the lower courts’ confirmation of an award rendered in favor of the plaintiff, FIA Card Services, N.A. (FIA), in arbitration proceedings the defendant, William F. Weaver, elected to not participate.
The record reveals that FIA instituted an arbitration claim against the defendant for substantial unpaid sums due on a credit card account billed to a Baton Rouge, Louisiana address the defendant concedes he uses for mailing purposes. Two notices of arbitration were directed to the defendant wherein supporting documentation was provided. Both notices of arbitration informed the defendant he had a right to file a response and his failure to do so may result in an award rendered against him. The notices also indicated an in-person participatory hearing would be conducted in the federal judicial district where the defendant’s FIA billing address was located. Several available options in lieu of his physical appearance were offered, including an on-line or telephonic hearing, or a documentary submission of the case. Despite these measures to accommodate and ensure the defendant’s participation, he failed to respond in any respect within the specified time. The defendant does not deny that he received timely notice of the arbitration proceedings. In fact, he concedes he knowingly and intentionally refused to respond to those efforts sought to protect his due process interests.
|2The defendant’s refusal to participate in the arbitration proceedings resulted in an award being rendered in favor of FIA. The arbitrator found the documentary evidence presented by the creditor constituted sufficient proof of the existence of the arbitration agreement between the parties and the indebtedness. Specifically, in rendering its findings, the arbitrator found no party asserted the arbitration agreement was invalid or unenforceable.
Notice of the arbitration award was mailed to the defendant and, in conformity with his past practice, he knowingly failed to respond in any manner. It was not until FIA sought to confirm the arbitration award in the trial court that the defendant first made an appearance. In addition to objecting to the arbitrator’s lack of personal jurisdiction over him and the inconvenient venue of the arbitration proceedings, the defendant contested the existence of a binding arbitration agreement.
Based on my review, the defendant’s efforts to overturn the arbitration ruling are both untimely and without merit. Pursuant to La. R.S. 9:4213 and 9 U.S.C. § 12, *721 the defendant had three months to bring a motion to vacate the arbitration award on the basis of the nonexistence of the arbitration agreement. His objection was not raised until after the expiration of the time delay. A failure to assert a timely objection to the proceedings and the award prevents the trial court from even considering the defendant’s claims. National Tea Co. v. Richmond, 548 So.2d 930, 933 (La.1989). Moreover, the defendant’s objection can be challenged only on statutory grounds. St. Tammany Manor, Inc. v. Spartan Building Corporation, 509 So.2d 424, 427 (La.1987). However, the defendant fails to articulate any of the exclusive reasons to vacate, modify, or correct the award. See La. R.S. 9:4210-4211 and 9 U.S.C. §§ 10-11. The law is clear that, unless grounds for vacating, modifying or correcting the award are established, the award must be confirmed. Firmin v. Garber, 353 So.2d 975, 977 (La.1977).
^Additionally, it is undisputed the defendant, as the attacking party, bears the burden of proof in overturning the award. Id. However, based on the instant facts, the defendant is unable to sustain his burden with persuasive evidence to support his claims. No evidence was presented at the arbitration proceeding to controvert FIA’s case. While the creditor’s documentary submission may not have been the best evidence, the arbitrator concluded it constituted sufficient proof of the existence of an arbitration agreement and the indebtedness. A district court’s review of an arbitration award is “extraordinarily narrow.” FIA Card Services, N.A. v. Smith, 44,923, p. 7 (La.App. 2 Cir. 12/22/09), 27 So.3d 1100, 1106; Downer v. Siegel, 489 F.3d 623, 626 (5th Cir.2007). In light of such, the arbitrator’s conclusions should not be substituted under the facts. National Tea, 548 So.2d at 933 (“Because of the strong public policy favoring arbitration, arbitration awards are presumed to be valid. Errors of fact or law do not invalidate a fair and honest arbitration award. Therefore, misinterpretation of a contract by an arbitration panel is not subject to judicial correction. Judges are not entitled to substitute their judgment for that of the arbitrators chosen by the parties.”); Firmin, 353 So.2d at 977 (“The court cannot substitute its conclusion for that of the arbitrator.”).
Arbitration is a substitute for litigation. Id. The purpose of arbitration is settlement of differences in a fast, inexpensive manner. Id. This goal is thwarted when parties, who refuse to participate in the arbitration proceedings, seek judicial review of an arbitration award. National Tea Co., 548 So.2d at 933. In my view, the majority’s reversal of the lower courts’ confirmation of the award under the facts frustrates the policy furthered by alternative dispute resolution. Accordingly, I find no error in the lower courts’ rulings.