# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-235


JAMES PAUL VAN WAY, JR. AND
JOHN ROSS VAN WAY

VERSUS

FRANK WALKER, INDIVIDUALLY AND IN HIS
CAPACITY AS TRUSTEE OF THE J.P. VAN WAY
FAMILY TRUST NO. 1


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20173153
HONORABLE ROYALE L. COLBERT, JR., DISTRICT JUDGE

**********

### SHANNON J. GREMILLION
### JUDGE

**********

Court composed of Elizabeth A. Pickett, Chief Judge, Shannon J. Gremillion, and Charles G. Fitzgerald, Judges.


**AFFIRMED.**

James J. Davidson, III
Robert D. Felder
Kevin M. Dills
Davidson, Meaux, Sonnier, McElligott, Fontenot,
Gideon & Edwards, L.L.P.
810 South Buchanan Street
Lafayette, LA 70502
(337) 237-1660
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    James Paul Van Way, Jr. as Beneficiary
    John Ross Van Way, as Beneficiary


Henry C. Perret, Jr.
Jared O. Brinlee
Perret Doise, L.L.C.
P. O. Box 53789
Lafayette, LA 70505
(337) 593-4900
COUNSEL FOR DEFENDANT/APPELLEE:
    Frank Walker, as Trustee


Paul J. Hebert
Rodger G. Green, Jr.
Ottinger Hebert, L.L.C.
P. O. Drawer 52606
Lafayette, LA 70505-2606
(337) 232-2606
COUNSEL FOR DEFENDANT/APPELLEE:
    JP Oil Holdings, LLC


Harold Lee Domingue Jr.
Onebane Law Firm
P. O. Box 3507
Lafayette, LA 70502
(337) 237-2660
COUNSEL FOR PLAINTIFF/APPELLANT:
    James Paul Van Way, Jr. as Beneficiary


Theodore Glenn Edwards, IV
Attorney at Law
P. O. Drawer 2908
Lafayette, LA 70502
(337) 237-1660
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    James Paul Van Way, Jr. as Beneficiary
    John Ross Van Way, as Beneficiary

**William Thomas Babin**
**Law Office of William T. Babin**
**405 West Convent St.**
**Lafayette, LA 70501**
**(337) 232-7747**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Christopher Van Way, Beneficiary**

**Lamont Paul Domingue**
**Beau A. LeBlanc**
**Voorhies & Labbe**
**P. O. Box 3527**
**Lafayette, LA 70502-3527**
**(337) 232-9700**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**John Ross Van Way, as Beneficiary**

**Raymond B. Landry**
**Mollere, Flanagan & Landry LLC**
**2431 Metairie Road**
**Metairie, LA 70001**
**(504) 837-4950**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**David J. Lukinovich**

**Camille Bienvenu Poche**
**Babineaux, Poche, Anthony & Slavich**
**P. O. Box 52169**
**Lafayette, LA 70505-2169**
**(337) 984-2505**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Susan Van Way, as Beneficiary**
**Elizabeth Van Way Adania, as Beneficiary**
**Cathy Van Way, as Beneficiary**

**Jordan J. Henagan**
**Borne, Wilkes, & Rabalais, LLC**
**200 W. Congress Suite 1000**
**Lafayette, LA 70502**
**(337) 232-1604**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**JP Oil Holdings, LLC**

**Scott M. Richard**
**Broussard & David**
**557 Jefferson Street**
**Lafayette, LA 70502-3524**
**(337) 233-2323**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **John Ross Van Way, as Beneficiary**
    **James Paul Van Way, Jr. as Beneficiary**

**GREMILLION, Judge.**

The trial court rendered judgment confirming an arbitration award in favor of defendant/appellee, Frank Walker, individually and as trustee of the J.P. Van Way Family Trust No. 1 (the trust), and against plaintiffs/appellants, James Paul Van Way Jr. and John Ross Van Way. This appeal followed. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL POSTURE

Appellants are among the principal and income beneficiaries of the trust. Appellee is the trustee. The trust owns a 98.9% interest in J.P. Oil Holdings, L.L.C. (JPO). JPO, in turn, owns a number of subsidiaries and affiliate companies worth a considerable amount of money.

JPO and its related companies own several vacation-type properties, including a Miramar Beach, Florida, condominium; a condominium in Baton Rouge near the LSU campus; a condominium in Frisco, Colorado, and a "vacation property" in Rehoboth Beach, Delaware. These properties were all purchased by JPO.

The trust was created in 1998 by James Paul Van Way, Sr. and Shirley Poirier Van Way, appellants' parents. Appellee has been the trustee for the life of the trust. During that period, appellee has not given an accounting to the beneficiaries, as the trust instrument dispensed with that requirement.

The remaining 1.1% interest in JPO is held by appellants' brother, Chris, and that interest represents the only voting interest in JPO. Chris is the CEO of JPO. Chris is also a 75% beneficiary of the trust, while his siblings each enjoy 5% interests.

One of the JPO subsidiaries is HDFL Investments, LLC, and an incentive plan was created whereby appellee received 6.7% ownership interest in HDFL per year over a fifteen-year period. Appellee and his wife were reimbursed directly by JPO

for many expenses, including personal expenses such as furniture and gasoline for the vehicles they drove, which were owned by JPO.

In addition to acting as the trustee, appellee is the Chief Financial Officer of JPO. Appellants allege that appellee has faithlessly fulfilled his fiduciary obligations as trustee to appellants' detriment: despite high profits, no distribution has ever been made to the trust; disguising benefits to Chris, appellee, and their families as company expenses; benefits being provided to appellants' two sisters; benefits being provided to every family member but appellants from trust assets; and failure to ensure equal treatment to all beneficiaries. They sued appellee in May 2017 seeking monetary damages and removal of appellee as trustee.

The parties agreed to binding arbitration with Mr. John W. Perry, Jr., as the arbitrator. The four-day arbitration was held on February 22-23, 2021 and May 3-4, 2022. On July 19, 2022, Mr. Perry rendered his decision, which rejected appellants' demands for damages, finding that appellants did not prove they have been damaged, that the decisions they complained of were made by Chris, and that the trustee had no authority to compel JPO to pay distributions; indeed, the decision to not pay distributions was deemed by Mr. Perry to represent a sound business decision to ensure the long-term success of the company that would reap benefits for everyone, including appellants. Had appellants wished to challenge the decisions related to compensation of Chris or appellee, their avenue for contesting those actions, Mr. Perry reasoned, was to file a derivative action, which they have not pursued. Mr. Perry did, however, order that appellee be removed as trustee on the grounds that his position as trustee was compromised by his employment as CFO of the company.

The district court confirmed the arbitration decision on December 20, 2022. This appeal followed.

## ASSIGNMENT OF ERROR

Appellants assert the following as error:

The trial court erred in confirming an arbitration ruling that not only contradicts the Trust Code's duties of truthfulness and loyalty, but also judicially blesses unlawful activity thereby implicating multiple grounds mandating vacation under La.R.S. 9:4210.

## ANALYSIS AND DISCUSSION

The conduct of arbitration proceedings is governed by the Louisiana Binding Arbitration Law, La.R.S. 9:4201-17. Arbitration rulings can be made orders of the court when a motion is filed by any party within one year of the arbitration. La.R.S. 9:4209. The court shall sign an order confirming it unless the ruling is vacated pursuant to La.R.S. 9:4210 or modified as provided in La.R.S. 9:4211. *Id.*

In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.

A. Where the award was procured by corruption, fraud, or undue means.

B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.

C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.

D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.

La.R.S. 9:4210.

Pursuant to La.R.S. 9:4211, a court shall modify an arbitrator's award under the following circumstances:

A. Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.

C. Where the award is imperfect in matter of form not affecting the merits of the controversy.

Appellants rely upon La.R.S. 9:4210(B), (C), and (D) for the proposition that Mr. Perry consciously disregarded pertinent provisions of the Trust Code and was biased such that he exceeded his powers as arbitrator. Specifically, they assert:

The above considered, multiple grounds mandating vacation under La. R.S. 9:4210 are clearly implicated here, as:

- The arbitration ruling condones (and goes so far as to even commend) misleading tax and income reporting activity;

- The Trustee's demonstrably false testimony while under oath is somehow legitimized;

- The Trustee's intentional disclosure of inaccurate information to Plaintiffs as trust beneficiaries (including during the litigation)—which is a *per se* Trust law violation—is judicially blessed;

- The ruling acknowledges the unequal treatment of Plaintiffs as Trust beneficiaries (another *per se* Trust law violation) —while the ruling at the same time finds that somehow no breach of fiduciary duty by the Trustee occurred (with the ruling nonetheless removing the Trustee regardless);

- The ruling expressly praises Chris Van Way for his family values (regarding the diversion of millions of dollars in Trust estate assets to himself, his wife, and children) while ignoring the fact that during this very same time Chris's seriously ill brother, John Van Way (an actual Trust beneficiary) has received zero dollars ($0.00) from the Trust since its inception.

"A district court may not vacate an arbitrators' award unless specifically authorized by statute. See La. R.S. 9:4210. An arbitration award, therefore, must be confirmed by a district court unless statutory grounds for vacating the award exist." *Master Craft Constr., LLC v. Pronoun, Inc.*, 17-569, p. 5 (La.App. 3 Cir. 12/20/17),

4

258 So.3d 802, 805. "An appellant may not actually seek a review of the merits of the case by couching its argument in terms of the arbitrators having exceeded their authority." *Hill v. Cloud*, 26,391, p. 9 (La.App. 2 Cir. 1/25/95), 648 So.2d 1383, 1388.

In *Brown v. Kabco Builders, Inc.*, 18-928, pp. 6-7 (La.App. 3 Cir. 6/5/19), 274 So.3d 216, 223-24, this court noted:

> [Appellants] argue that an additional jurisprudential ground, "manifest disregard of the law," exists for vacating an arbitrator's award. "Manifest disregard of the law" is an error by the arbitrator that is "obvious and capable of being readily and instantly perceived by an average person qualified to serve as an arbitrator." *Crescent*, 158 So.3d at 803, n.3. It "implies that the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore it or pay no attention to it." *Id.* Our supreme court has not adopted the rule,[3] observing that the U.S. Supreme Court refused to apply the rule in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008). In *Hall*, the Supreme Court held that the parties to an arbitration agreement could not expand the grounds for vacating an arbitration award beyond those provided in Sections 10 and 11 of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, by including additional grounds to vacate an award in the agreement. For these reasons, we will not consider arguments pertaining to manifest disregard of the law.

Footnote 3 of *Brown* noted that the first circuit had refused to recognize the "manifest disregard of the law" rule.

> More pertinently, the Louisiana Supreme Court has stated:

> Because of the strong public policy favoring arbitration, arbitration awards are presumed to be valid. Judges are not entitled to substitute their judgment for that of the arbitrators chosen by the parties. *National Tea Co. v. Richmond,* 548 So.2d 930, 932-33 (La.1989). It is well-settled in both state and federal courts that an award may be challenged only on the grounds specified in the applicable arbitration statutes, here La. Rev. Stats. 9:4210 and 9:4211. *Firmin* [*v. Garber*]*,* 353 So.2d [975 (La.1977)] at 977. *Those grounds do not include errors of law or fact*, which we have reiterated are insufficient to invalidate an award fairly and honestly made.

*Crescent Prop. Partners, LLC v. Am. Mfrs. Mut. Ins. Co.*, 14-969, pp. 6-7 (La. 1/28/15), 158 So.3d 798, 803-04 (footnote omitted)(emphasis added). Despite

5

appellants' citation to footnote 3 of *Crescent*, they omit the supreme court's observation in the footnote that, "This court has not adopted such a ground[.]"

Appellants argue that the arbitrator's ruling condones income and tax reporting improprieties. Determining that there were income and tax reporting improprieties requires this court to review the facts of the case. Further, it necessitates a determination that the tax and reporting improprieties in some way diminished trust or company assets. This type of review of an arbitrator's ruling is not authorized by La.R.S. 9:4210. We are constrained from conducting such a review.

The same holds true for the characterization by appellants of appellee's "demonstrably false testimony." In no way does the Binding Arbitration Law allow judicial review of credibility assessments made by the arbitrator. Factual findings, and even legal findings such as the impact of Trust Code provisions on the dealings between appellee and JPO or whether appellee breached his fiduciary duty, are matters that the Binding Arbitration Law has indicated are beyond judicial review. The parties entered into arbitration voluntarily and agreed to abide by the arbitrator's ruling, fair or foul.

Vacating the arbitration award requires meeting one of the statutory grounds. Appellants have asserted three grounds for vacating the arbitration award. We will discuss each in turn.

*Evident partiality or corruption on the part of the arbitrator*

"To constitute evident partiality, it must clearly appear that the arbitrator was biased, prejudiced, or personally interested in the dispute. Examples are a blood relationship with one of the parties or a pecuniary interest in the outcome of the dispute." *Firmin v. Garber*, 353 So.2d 975, 978 (La.1977)(citation omitted). "Partiality," then, as used in La.R.S. 9:4210(B) requires a showing "that the

6

arbitrator had a disqualifying relationship with either of the parties or the subject matter." *Id.* at 978. The party attacking the decision bears the burden of proof. *Id.*

Appellants state, "as to the 'partiality' of the arbitrator, one need look no further than the face of the underlying arbitration ruling to see the condoning of unlawful tax activity being used to justify an otherwise unjustifiable conclusion in favor of the Defendants." This falls within the "manifest disregard of the law" rule—not corruption or partiality—which our supreme court has not recognized, and the United States Fifth Circuit Court of Appeals has held no longer constitutes a valid basis for vacating an arbitration award since *Hall Street Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S.Ct. 1396 (2008). *See Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349 (5th Cir.2009). Couching what a party feels is manifest disregard of the law as "partiality" does not make the conduct partial; the party attacking the award must demonstrate true bias, prejudice, or personal interest.

We find no merit to the argument that the arbitration should be vacated on the grounds of La.R.S. 9:4210(B).

*Misconduct or misbehavior by the arbitrator by which the rights of any party have been prejudiced*

Louisianan Revised Statutes 9:4210(C) provides for vacating an award:

> C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.

The sole basis under subsection (C) for vacating the award asserted by appellants is misbehavior that prejudiced appellants. This is demonstrated, appellants contend, in the "inherently contradictory findings such as acknowledging of unequal treatment of the Plaintiffs while recognizing the strict nature of the Trustee's equal fiduciary duties to Plaintiffs, but somehow finding no breach of fiduciary duties[,]"

7

finding that appellee acted reasonably and honestly "despite him having given demonstrably false testimony[,]" and "justifying Defendants' self-dealing[.]"

Courts do not review the factual or legal conclusions of the arbitrator, as discussed above. However, we feel it important to place the conclusions appellants have asserted into their proper context within the arbitrator's ruling. Mr. Perry found that the conduct appellants complain of were decisions made by Chris, not appellee. Appellee was the trustee, but he had little control over the operations of JPO; Chris held the only voting interest in the company, was the sole director, and was the only person poised to declare any distributions to the trust. We also note that, as a 75% income and principal beneficiary, Chris stood to benefit more than his four siblings combined from a distribution.

Vacating an arbitration award pursuant to La.R.S. 9:4210(C), by its terms, requires a showing of prejudice. Mr. Perry found that appellants have not been damaged by appellee, or, for that matter, by anyone. And without conducting any sort of review of the correctness of the findings, we cannot see how the company not declaring a dividend or distribution; how the company letting appellants' two sisters use the vacation properties; or how substituting perks for salary constitute actions that damaged appellants.

*Arbitrator exceeded his powers or imperfectly executed them*

Louisiana Revised States 9:4210(D) provides for reversing an arbitration award "Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." In the present matter, appellants assert that Mr. Perry exceeded his powers because he was not empowered by the parties to ignore Louisiana law, and imperfectly executed his powers by consciously disregarding the law. We find that

8

a mutual, final, and definite award was rendered. We, therefore, reject appellants' "imperfect execution" argument.

Appellants assert that Mr. Perry exceeded his powers by disregarding Louisiana law, specifically the Trust Code, again invoking the aforementioned "manifest disregard of the law" rule. Because La.R.S. 9:4210 does not authorize a court to review an arbitrator's findings of law, we must reject this assertion by appellants.

## SUMMARY

The trial court and this court are not authorized to review the factual findings or legal rulings of the arbitrator. Absent one of the statutory grounds for vacating an award or for modifying an award, the courts are mandated to affirm the award. Appellants have attempted to seek review of factual findings and legal conclusions by couching their arguments in terms of the statutory bases for vacating the award. Neither manifest disregard of the law nor manifest error constitute valid grounds for vacating an arbitration award.

The trial court's judgment confirming the arbitration award is affirmed. All costs of this proceeding are taxed as costs to plaintiffs/appellants, James Paul Van Way Jr. and John Ross Van Way.

**AFFIRMED.**